IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Monique Barnes,<br>    Plaintiff,<br>vs.<br><br>SCEG, City of Columbia Water, Wateree,<br>Salvation Army, Judge Gwenlyne Jones,<br>Judge Dothy Jones, Tashia Jeter, N. Prude,<br>Mrs. Mills, City of Columbia,<br><br>    Defendants. | Civil Action No. 3:18-cv-2777-CMC<br><br>**ORDER** |

This matter is before the court on Plaintiff's Complaint alleging the Department of Social Services removed her children from her home "due to harassment," and contending her children were "kidnapped" when they were taken from her because DSS "have not proven the false case against me."[1] ECF No. 1. She requests return of her children and "for money to move or be put into a safety program I'm very fearful for my life they have people coming inside my house. . . ." *Id.* at 5.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On October 23, 2018, the Magistrate Judge issued a Report recommending this matter be summarily dismissed without prejudice and without

---

[1] The court notes Plaintiff filed a previous case with many of the same allegations. *See* C/A No. 3:18-cv-1567. That case was summarily dismissed and the dismissal is currently under review by the Fourth Circuit. *Id.* at ECF No. 40.

issuance and service of process. ECF No. 9. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if she failed to do so. Plaintiff filed a motion for extension of time, which as granted, and filed objections on November 13 2018. ECF Nos. 13, 14, 16.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

The Report recommends Plaintiff's federal claims be dismissed because federal jurisdiction is lacking, as there is not complete diversity and the Complaint does not allege a claim arising under the Constitution or federal statutes. ECF No. 9 at 5. The Report further notes Plaintiff cannot cure the deficiencies in her Complaint through amendment, because her Complaint "is comprised of nonsensical factual statements and conclusory, disjointed legal arguments that fail to state a federal cause of action." *Id.*

Plaintiff has filed objections, with 99 pages of attachments, stating her allegations against DSS and assorted individuals, who do not appear to be Defendants in this case. ECF No. 16. She purports to bring her case under the Fourth, Sixth, Thirteenth, Fourteenth, and Fifteenth Amendments to the United States Constitution. *Id.* However, she does not explain how these

Amendments pertain to her case, and the court is unable to ascertain a federal cause of action from her descriptions of the Amendments.

The attachments to the objections purport to include "supporting evidence against Judge Gwenlyne Jones[2], motion to dismiss case due to Sonya Good corruption, objection to dismiss case, motion to dismiss case due to Gwenlyne Jones being on my 2 year old daughter father case, motion for hearing, letter to judge, motion for emergency hearing because of Sonya Good," and other alleged "proof" regarding her case with DSS.[3]  ECF No. 16-1 at 1 (errors in original).  However, these allegations do not address subject matter jurisdiction or demonstrate jurisdiction over these claims.

The court agrees with the Magistrate Judge that Plaintiff's filings do not reveal a basis for subject matter jurisdiction over her claims.  The court further concurs in the Magistrate Judge's finding that amendment would be futile, and notes Plaintiff previously brought another case on essentially the same facts, which was dismissed after Plaintiff had the opportunity to amend but was unable to allege a viable claim in federal court.

---

[2] The court notes Defendants "Judge Gwenlyne Jones" and "Judge Dothy Jones" have immunity from claims arising out of their judicial actions. *See Mireless v. Waco*, 502 U.S. 9, 12 (1991); *Stump v. Sparkman*, 432 U.S. 349, 356-57 (1978).

[3] To the extent Plaintiff is attempting to bring a claim regarding her DSS case, the court notes such a claim would be subject to dismissal based on the Younger doctrine, as was her previous case on the same facts. *See Younger v Harris*, 401 U.S. 37 (1971) (holding a federal court should not interfere with state judicial proceedings except in very narrow and extraordinary circumstances, none of which apply here); C/A No. 3:18-cv-1567 at ECF No. 40.

After *de novo* review of the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court adopts and incorporates the Report and Recommendation by reference in this Order. Plaintiff's Complaint is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
November 15, 2018